UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 15-CV-81445-RYSKAMP/HOPKINS

HELGA BRAUN,

    Plaintiff,

v.

SAIGON TOKYO RESTAURANT, INC.,
d/b/a SAIGON TOKYO and BARCLAY
SQUARE ASSOCIATES, LTD.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendants Saigon Toykyo Restaurant, Inc. and Barclay Square Associates, Ltd. ("Defendants") motion to dismiss **[DE 13, 26]**, filed on November 12, 2015 and December 18, 2015. Plaintiff Helga Braun ("Plaintiff") responded in opposition **[DE 28]** on January 28, 2016. Defendants replied **[DE 21, 29]** on December 4, 2015, and February 4, 2016. This matter is now ripe for adjudication.

**I.**     **Background**

This case concerns claims arising under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. Plaintiff sues Defendants in its capacity as tenant and operator of a restaurant. In the complaint, Plaintiff alleges she is disabled and was denied equal access to the property due to her disabilities. **[DE 10]**. Specifically, in paragraph 18 of the complaint, Plaintiff sets forth numerous allegations related to alleged barriers under the ADA at the property. *Id.* Thereafter, in paragraph 19, Plaintiff indicates

1

that the list in paragraph 18 is "not to be considered all-inclusive of the barriers encountered by Plaintiff . . . ." *Id.* Therefore, Plaintiff indicates a need to have "an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA." *Id.*

Plaintiff seeks relief in the form of a permanent injunction, "enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove physical barriers to access and alter the subject Facility and Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA . . . ." **[DE 10]**.

Defendants move to dismiss the instant complaint, arguing that "Plaintiff complains of barriers which have yet to be identified, and seeks redress for same, which is impermissible." **[DE 13]**. Specifically, Defendants argue that in ADA cases, a plaintiff only has standing to seek redress for barriers actually encountered or of which she had knowledge of at the time of filing the complaint. *Id.*

## II. Legal Standard for Motion to Dismiss

In order to state a claim for relief, Federal Rule of Civil Procedure Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**III.   Discussion**

Title III of the ADA provides in pertinent part that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A "public accommodation" is defined by the ADA as including "shopping plazas." *See* 42 U.S.C. § 12181(E). To establish a prima facie case for ADA discrimination, a plaintiff must establish the following: (1) he is disabled; (2) the property is a place of public accommodation; and (3) he was denied full and equal treatment because of his disability. *Access 4 All, Inc. v. Bamco VI, Inc.*, No. 11-61007-CIV, 2012 WL 33163 (S.D. Fla. Jan 6, 2012), at *2.

Liability for noncompliance with the ADA is imposed upon "any person who owns, leases (or leases to), or operates a place of public accommodation" that discriminates against

3

an individual on the basis of disability.  *See* 42 U.S.C. § 12182.  Discrimination includes the failure to remove architectural barriers in existing facilities where such removal is "readily achievable."  *See* 42 U.S.C. § 12182(b)(2)(A)(iv).  "If a defendant is found to violate the ADA, a court may grant injunctive relief, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'"  *Access 4 All, Inc.*, 2012 WL 33163, at *2 (quoting 28 U.S.C. § 12188(a)(2)).

Because Plaintiff seeks relief in the form of an injunction, Plaintiff must have standing to seek such relief.  "To establish constitutional standing to bring a lawsuit, a plaintiff must demonstrate that (1) he suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor. "  *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992);  *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001) (applying *Lujan* standing test to ADA case)).  Furthermore, "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."  *Id.* (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.,* 247 F.3d 1262, 1284 (11th Cir. 2001)). Therefore, "a plaintiff only has standing to seek relief for ADA violations 'which affect his specific disability, and that he personally encountered or about which he had actual notice' at the time the complaint was filed."  *Id.* (quotation omitted); *see also Brother v. CPL Invs., Inc.*, 317 F. Supp. 2d 1358, 1368 (S.D. Fla. 2004) (stating Plaintiffs "do not have standing to complain about alleged barriers which they were unaware of at the filing of their complaint.").

4

Here, Plaintiff has standing relating only to alleged violations she had notice of at the time the complaint was filed. Therefore, the Court dismisses paragraph 19 of Plaintiff's complaint *only to the extent it seeks redress for barriers yet to be identified by Plaintiff*. As stated previously, paragraph 19 states: "The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and/or Property. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA." **[DE 10]**. Although the complaint states that it does not contain an exhaustive list of the ADA violations encountered at Defendants' property, only issues relating to violations encountered by Plaintiff are sufficient to state a claim for relief under the ADA. Therefore, Plaintiff lacks standing to bring any claims for alleged violations encountered by an inspector/expert during an inspection. *See Access 4 All*, 2012 WL 33163, at * 4 (finding Plaintiff lacked standing to bring claims not alleged at the time of filing the complaint and of which were identified by Plaintiff's expert). And as for the non-exclusive approach Plaintiff uses to describe alleged barriers, the Court clarifies that it is Plaintiff's burden *to prove* such barriers under the legal standards reviewed above. *See Poschmann v. St. Lucie EMI, LLC*, No. 15-14229-CIV-ROSENBERG/LYNCH (S.D. Fla. Aug. 21, 2015) ("As for the categorical (and non-exclusive) approach the Plaintiff uses to describe the alleged barriers, this Court finds this to be sufficiently pled.").

### IV.  Conclusion

The Court has carefully considered the motions, response, replies, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' motions to dismiss Plaintiff's complaint is **GRANTED** to the extent it seeks redress for barriers yet to be identified by Plaintiff.  Plaintiff shall file an amended complaint within ten (10) days of this order, amending paragraph 19 of the complaint to indicate that any alleged barriers were encountered by Plaintiff.  Plaintiff is unable to seek redress for alleged barriers encountered during an inspection of the property by an expert, not Plaintiff.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 16 day of February 2016.

/s/ Kenneth L. Ryskamp_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE